

Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Scott C. Borison
Legg Law Firm, LLP
5235 Westview Dr, Suite 100
Frederick, MD 21703
(301) 620-1016
borison@legglaw.com
(PRO HAC VICE TO BE FILED)

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO IN AND FOR THE COUNTY OF MADISON

| | |
|---|---|
| BARRY STIMPSON, on behalf of himself and others similarly situated, | Case No: CV-17-654 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC, a Kansas corporation, and MIDLAND FUNDING, LLC, a Delaware limited liability company, | |
| Defendants. | |

Barry M. Stimpson (Stimpson or Plaintiff), by and through his attorneys, for his

Complaint against Defendants, Midland Credit Management, Inc, and Midland Funding, LLC,

and demand for a jury trial, states as follows:

**EXHIBIT 1**

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue in this Court is proper pursuant to Idaho Code § 5-404 and 15 U.S.C. § 1692k(d).

3. Jurisdiction in this Court is proper because the amount in controversy exceeds $10,000.

4. Defendants are subject to personal jurisdiction because the Defendants have regularly transacted business in the State.

## PARTIES

5. Plaintiff Stimpson is an individual who resides in the State of Idaho.

6. Stimpson is a natural person residing in Canyon County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Midland Credit Management (Midland Credit) is a Kansas corporation with its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

8. Midland Credit regularly transacts business within the State of Idaho.

9. Midland Credit can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

10. Midland Credit is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6). The principal purpose of Midland Credit is the collection or attempt to collect consumer debts, directly or indirectly, owed or due or asserted to be owed or due to another. Midland Credit uses instrumentalities of interstate commerce of the mails in its business.

11. Defendant Midland Funding, LLC (Midland Funding) is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

12. Midland Funding regularly transacts business within the State of Idaho.

13. Midland Funding can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

14. Defendant Midland Funding's business is to acquire consumer debts in default and then pursue collection of the debts, directly or indirectly, through instrumentalities of interstate commerce or the mails. Any debt of Plaintiff that Midland Funding alleges it acquired was in default when Midland Funding acquired it.

15. Midland Funding is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a (6). Midland Funding was the principal for Midland Credit as an agent.

16. None of the exceptions to the term "debt collector" under the FDCPA apply to Midland Funding or Midland Credit.

17. The alleged debt that Midland Credit sought to collect from Plaintiff was in default when it began its collection efforts on behalf of Midland Funding.

18. Midland Credit was acting the direction of, under the control of and for the benefit of Midland Funding in communicating with the Plaintiff. Midland Credit was the agent of Midland Funding.

## GENERAL ALLEGATIONS

19. Stimpson applied for and acquired a HSBC Bank Nevada, N.A. account.

20. Stimpson made purchases on the HSBC Bank Nevada, N.A. account, resulting in an outstanding balance.

21. Any purchase was primarily for a personal, family, or household purpose.

22. The last date of any purchases or payments on the account was prior to 2010.

23. At some point after the alleged debt was in default, HSBC Bank Nevada, N.A. allegedly transferred Stimpson's account to Midland Funding.

24. Midland Funding is engaged in the business of purchasing or acquiring, or claiming to purchase or acquire, defaulted debts originally owed to others and incurred for personal, family, or household purposes.

25. After acquiring these debts, Midland Funding then attempted to collect the purchased debts directly or indirectly through collection agencies such as the Defendant Midland Credit. Midland Credit acts at the direction and under the control of Midland Funding as Midland Funding's agent.

26. Midland Credit began collection efforts on behalf of Midland Funding against Stimpson for an alleged outstanding balance on the HSBC Bank Nevada, N.A. account.

27. On March 28, 2017, Midland Credit sent Stimpson a collection letter (Exhibit A) regarding the alleged outstanding balance on Stimpson' HSBC Bank Nevada, N.A. account.

28. Through Exhibit A, Defendants sought to collect an alleged debt incurred primarily for a personal, family, or household purpose.

29. The letter stated that Stimpson owed $1,145.60 to Midland Funding.

30. The letter provided three options for Stimpson to settle the account for less than the full amount: 1) 40 percent off for a lump sum payment, 2) 20 percent off for payments made over a six-month period, or 3) payments as low as $50 per month.

31. The debt Defendants sought to collect in Exhibit A is time-barred.

32. The letter states: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

33. In Idaho, partial payment of a debt that is time-barred revives the debt and makes the entire amount collectable.

34. Idaho Code § 5-238 states in relevant part: ". . . any payment of principal or interest is equivalent to a new promise in writing, duly signed, to pay the residue of the debt."

35. In Idaho, once any payment toward the debt is made, the following statement is no longer true: "the law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

36. On information and belief, Exhibit A is a form letter that defendant Midland Credit uses as the initial letter it sends to consumers on behalf of Midland Funding.

37. Nothing in Exhibit A disclosed that any payment on the debt would result in the revival or tolling of the debt's statute of limitations.

38. The failure to disclose the effect of a partial payment, entering into a payment plan or other acknowledgement of the debt makes the statement that "we will not sure you" misleading and confusing to any unsophisticated consumer.

39. Upon information and belief, it is the policy and practice of Defendants Midland Credit and Midland Funding to send letters seeking to collect time-barred debts of Idaho residents that do not disclose that any voluntary payment of the debt may revive or toll the statute of limitations.

40. Defendants' policies and practices above are unfair or deceptive practices.

## FIRST CLAIM FOR RELIEF
### *Violation of the FDCPA*
### *Individual and Class Claim*

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Defendants engaged in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

43. Section 1692e provides:

   §1692 e.   False or Misleading representations [Section 807 of P.L.]

   A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...

   (2) The false representation of—

   (A) The character, amount, or legal status of any debt;...

   (5) The threat to take any action that cannot legally be taken or that is not intended to be taken...

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

44. Section 1692f provides:

   § 1692f.   Unfair practices [Section 808 of P.L.]

   A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt...

## CLASS ALLEGATIONS

45. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

46. The Class consists of (a) all individuals in Idaho (b) to whom Midland Funding or Midland Credit (c) sent a letter seeking to collect a debt (d) which is time barred (e) which does not disclose that partial payment or other action revives the debt (f) which letter was sent within the one (1) year period immediately preceding the filing of this complaint.

47. On information and belief, the class is so numerous that joinder of all members is not practicable. The information relating to the precise number of persons who fall within the respective classes is within the control of the Defendants.

48. There are questions of law and fact common to the members of each class, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendants attempted to collect time-barred debts without disclosures that payments of any amounts may revive the running of or toll the statute of limitations and (b) whether such practice violates the FDCPA.

49. Plaintiff's claim is typical of the claims of the respective class members. All are based on the same factual and legal theories.

50. Plaintiff will fairly and adequately represent the members of each class. Plaintiff has retained counsel experienced in consumer class actions and FDCPA litigation.

51. A class action is superior for the fair and efficient adjudication of the claims of the Class, in that:

    a. Individual actions are not economically feasible;
    b. Members of the class are likely to be unaware of their rights;
    c. Congress intended class actions to be an enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

(1) Certify the FDCPA Class and appoint plaintiff as the class representative and her counsel as class counsel;

(2) Award the Class statutory damages and actual damages consisting of any amount collected by the Defendants from use of the letter;

(3) Award Plaintiff his actual or statutory damages in an amount to be determined at trial;

(4) Attorney's fees, litigation expenses, and cost of suit; and

(5) Such other and further relief as the Court deems proper.

DATED: September 25, 2017.

Ryan A. Ballard

 **Midland Credit Management, Inc.**  2365 Northside Drive, Suite 300, San Diego, CA 92108

Call: (877) 231-8886

Offer Expiration Date: 04-27-2017

Midland Credit Management, Inc. (MCM), is the debt collection company, which will be collecting on, and servicing your account.

03-28-2017

P95T3427 001

Barry M Stimpson
3423 E Victory Rd
Nampa, ID 83687-8792

| | |
|---|---|
| **Original Creditor** | HSBC Bank Nevada, N.A. |
| **Original Account Number** | 5155970004266322 |
| **MCM Account Number** | 8532760250 |
| **Current Balance** | $1,145.60 |
| **Current Owner** | Midland Funding LLC |
| **Discount** | 40% OFF |

RE HSBC Bank Nevada, N.A.

Dear Barry M Stimpson,

## CALL US TODAY! (877) 231-8886

### AVAILABLE PAYMENT OPTIONS

 **Option 1** — 40% OFF

 **Option 2** — 20% OFF Over 6 Months

 **Option 3** — Monthly Payments As Low As: $50 per month. Call today to discuss your options and get more details.

### Benefits of Paying Your Debt

– Save $458.24 if you pay by 04-27-2017 –
– Put this debt behind you –
– No more communication on this account –
– Peace of mind –

**Hours of Operation**
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

We are not obligated to renew any offers provided.

 (877) 231-8886    midlandcreditonline.com   Midland Credit Management, Inc. P.O. Box 60578, Los Angeles, CA 90060-0578

RE HSBC Bank Nevada, N.A.

Dear Barry M Stimpson,



## CALL US TODAY! (877) 231-8886
### AVAILABLE PAYMENT OPTIONS

- **Option 1** — 40% OFF
- **Option 2** — 20% OFF Over 6 Months
- **Option 3** — Monthly Payments As Low As: $50 per month. Call today to discuss your options and get more details.

**Discount 40% OFF**

### Benefits of Paying Your Debt
- Save $458.24 if you pay by 04-27-2017 –
- Put this debt behind you –
- No more communication on this account –
- Peace of mind –

**Hours of Operation**
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

We are not obligated to renew any offers provided.

 **(877) 231-8886**    midlandcreditonline.com    Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

---

| | |
|---|---|
| MCM Account Number | 8532760250 |
| Current Balance | $1,145.60 |
| Total Enclosed | $ . |

Mail Payments to:
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

**Manage Your Account Online**
midlandcreditonline.com

### Important Payment Information
Make checks payable to:
Midland Credit Management
Enter your MCM Account # on all payments

**(877) 231-8886**

se habla español
(888) 422-5178

12 8532760250 5 0068736 042717 7 114001377

B469 M001

## Important Disclosure Information:

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

To report any inaccuracies or to dispute this debt, please call (877) 231-8886
Calls to and/or from this company may be monitored or recorded.

### Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | HSBC Bank Nevada, N.A. | MCM Account Number | 8532760250 |
| Original Account Number | 5155970004266322 | Charge-Off Date | 08-31-2009 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| Send Payments to: | For disputes call (877) 231-8886 or write to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc. P.O. Box 60578 Los Angeles, CA 90060-0578 | Attn: Consumer Support Services 2365 Northside Drive Suite 300 San Diego, CA 92108 | 80 Garden Center Suite 3 Broomfield, CO 80020 Phone (303) 920-4763 |

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431.

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.