Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Scott C. Borison
(Pro Hac Vice)
Legg Law Firm, LLP
38 S. Paca St. #116 Suite B
Baltimore MD 21201
(301) 620-1016
borison@legglaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| BARRY STIMPSON,<br><br>On behalf of plaintiff and class,<br><br>vs.<br><br>Midland Credit Management, Inc, and Midland Funding, LLC,<br><br>Defendant. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS (ECF 23)**<br><br>Case No: 4:17-cv-431 |

The Plaintiff does not dispute the statement of material facts set forth by the Defendant. The Plaintiff submits that the following facts are also material to the Court's consideration of the motion for summary judgment:

1. On March 28, 2017, Defendants mailed Stimpson a collection letter regarding an alleged outstanding obligation on an HSBC Credit Card Account. Exhibit A.

1

2. At the time Defendants mailed the letter, the debt was outside the statute of limitations. Exhibit B, response to Interrogatory No. 5.

3. The letter represents the "Benefits of Paying your Debt", which include "Save $458.24 if you pay by 04-27-2017". Ex A.

4. The letter only presents three payment options. Ex A.

5. Option 1 states it results in 40% off. A forty percent discount on the outstanding amount ($1,145.60) would result in $458.24 in savings. Ex A.

6. Option 2 states it results in 20% off if paid over 6 months. Ex A.

7. Option 3, which provides for monthly payments of as low as $50, is represented to result in no savings. Ex A.

8. The letter states the benefit to the consumer include "put this debt behind you"; "no more communication on this account" and "Peace of Mind". Ex. A.

9. The letter states an "Offer Expiration Date". Ex. A.

10. The letter does not provide a fourth valid option available to Stimpson - no payment. Ex. A.

11. The letter never states that the debt is barred by the statute of limitations. Ex. A.

12. Under Idaho's statute, Idaho Code § 5-238, a payment on an outstanding debt will revive the debt, even if the debt is time-barred. *See* Idaho Code § 5-238. Ex A.

13. Furthermore, Idaho Code § 28-41201(8)(a), invalidates a choice of law provision purporting an outside state's laws govern a credit card agreement with an Idaho resident. Ex A.

14. Defendants' collection letter did not warn Stimpson that a payment on his time-barred debt may revive the debt. Ex A. Nor did it disclose that there would be no savings.

Respectfully submitted,

Dated May 21, 2018
/s/ Ryan Ballard
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of May, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lyle J. Fuller LFuller@fullerlawonline.com
and
Joshua C. Dickinson, JDickinson@spencerfane.com

/s/ Ryan Ballard